THE THOMAS M. PARSONS

(District Court, S. D. New York. April 9, 1904.)

1. COLLISION—EXCESSIVE CLAIM—COSTS.
    A libelant, who recovers damages for a collision for which his own
    vessel was not in fault, is entitled to costs, although the recovery is much
    less than the amount claimed, where there is no evidence that such claim
    was made fraudulently.

In Admiralty. Suit for collision. On exception to taxation of costs.

James J. Macklin, for exceptions.
Avery F. Cushman, opposed.

ADAMS, District Judge. In this action the libellant sought to recover $150 costs of repairs and $300 for permanent injury to his small yacht Margery, caused by collision in August, 1901, with the lighter Thomas M. Parsons. Claim was also made for $100 demurrage. The yacht was moored off Tompkinsville, Staten Island, at the time of the collision. The lighter was a moving vessel and held in fault. The matter was then referred to a commissioner to ascertain and report upon the amount of damages. He has reported $50, and after the consideration of exceptions, I confirmed the report in a memorandum, of which the following is a copy:

"The commissioner has allowed the libellant $50. Both parties have filed exceptions to his report.

"The libellant's exceptions are to the effect, that enough has not been allowed, claim being made for several hundred dollars. I find nothing in the testimony that sustains the exceptions. There was probably some damage done by the collision but the evidence is very weak and uncertain as to its extent. It does not appear with reasonable certainty what expenditures for the repairs, incident to the collision, have been made.

"The claimant's exception is that nothing more than $12 should have been awarded, as there was no proof to show anything beyond that sum. There is some force in the contention, but I have no doubt that the commissioner's award of $50 is just in effect, although apparently conjectural, and as the claimant has not pointed out with precision the grounds of the exceptions, nor given references to the evidence, I will not consider it. The Commander-in-Chief, 1 Wall. 43 [17 L. Ed. 609].

"All exceptions overruled."

When the matter came before the clerk for taxation of costs, the claimant objected to the taxation of any costs. This objection was overruled and exception taken. It is now before me again on the exception, the claimant urging that no costs should be allowed to the libellant because the claimant has substantially succeeded, citing Pettie v. Boston Tow-Boat Co., 49 Fed. 464, 1 C. C. A. 314, in support of his contention.

The disallowance on appeal of the costs before the commissioner in the Pettie Case, was explicitly based upon the particular facts developed. Wallace, J., for the Circuit Court of Appeals, said (pages 467, 468, 49 Fed., and page 318, 1 C. C. A.):

"The appellant insists that the libellant should not have been awarded the costs of the reference before the commissioner, and urges that he was guilty of oppressive and fraudulent conduct upon the reference. We are satisfied by a careful examination of the record that the libellant corruptly attempted,

by his own testimony, and by the testimony of witnesses in his behalf, whose statement he did not himself believe to be correct, to exaggerate the value of the barge, and obtain an inordinate compensation for her loss. He was an expert, thoroughly qualified to judge of the value of such a vessel. He knew what she had actually cost, and the appraisal placed upon her for insurance just before she was lost. His own testimony was false in respect to matters as to which he could not well be mistaken. Among other statements, it was untrue that he had ever received the offer for the barge to which he had testified. His recklessness in disregarding even the appearance of candor is shown by his attempt to prove the value of the barge at $6,500 or $7,000, although he had alleged it in the libel to be but $5,500. It must be assumed for present purposes that she was worth only $1,750. It would serve no useful purpose to enter upon any recapitulation or analysis of his testimony, and that of his witnesses, before the commissioner. It suffices to say that we are unable to consider his misstatements, and those of several of the witnesses produced by him, as venial errors which can be reconciled with integrity of purpose by attributing them to honest, but mistaken, estimates in matters of opinion."

In the case under consideration, it does not appear that any fraud was attempted. A larger claim was put forward than the evidence subsequently justified but that does not establish corruption. The case was a genuine one of some damage. The evidence failed to sustain the amounts claimed but the fact of there being a small recovery, in the face of a comparatively large claim, is more consistent in this case, with defect of proof than the kind of fraud attempted in the Pettie Case. Here, the costs consist largely of disbursements and the effect of sustaining the exception would be not only to deprive the libellant of any recovery of damages but leave him out of pocket by reason of his action, which has been upheld. Such would be an anomalous result, where real damages have been suffered through the wrong of another, but the injured party is unable to prove the full extent of them.

Exception overruled and the taxation will be proceeded with.